**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
275 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RADHAMES GUZMAN,** *on behalf of himself and others similarly situated*, <br><br> **Plaintiff,** <br><br> - against - <br><br> **PARTY CITY CORPORATION,** <br><br> **Defendants.** | **No:** <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff RADHAMES GUZMAN ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class Action Complaint against Defendants, PARTY CITY CORPORATION ("Party City" or "Defendant") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) liquidated damages for the late payment of wages; and (2) attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from Party City, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

4. Plaintiff Radhames Guzman is an adult who resides in New York County, New York.

5. Plaintiff was a covered employee within the meaning of the NYLL.

6. Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

*Defendants*

7. Defendant Party City Corporation is a foreign business corporation organized under the laws of the State of Delaware with their principal executive offices located at 25 Green Pond Road, Suite 1, Rockaway, New Jersey, and an address for service of process within the State of New York located at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

8. At all relevant times, Defendant owned and operated an enterprise comprised of around 900 corporate-owned and franchised party supply stores, with approximately 48 store locations in New York alone.

9. At all relevant times, Defendant employed Plaintiff and similarly situated employees.

10. At all relevant times, Defendant exercised centralized control over Plaintiff's and similarly situated employees' employment as well as the unlawful wage and hour policies and practices alleged herein.

11. At all relevant times, Defendant was and continue to be a covered employer within the meaning of the NYLL.

12. At all relevant times, Defendant applied the same employment policies, practices and procedures to all non-exempt employees at Party City.

## NEW YORK CLASS ACTION ALLEGATIONS

13. Plaintiff brings the First Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt, non-clerical employees employed in New York Party City stores owned, operated, and/or controlled by Defendant, from the date that is six (6) years prior to the filing of this Class Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

14. Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

15. The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to

this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

16. The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

18. Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of failing to timely pay manual employees' wages at least weekly, in violation of the NYLL.

19. Plaintiff and Class Members have all been injured in that they did not receive timely wage payments due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

20. Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

21. Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

22. Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

24. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

   a. Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

   b. Whether Plaintiff and Class Members were "manual workers" as defined by the NYLL;

   c. Whether Plaintiff and Class Members were paid in a timely manner as required by the NYLL.

## STATEMENT OF FACTS

28. Plaintiff was employed by Party City as a sales associate at their store located at 171 W 230th Street, Bronx, New York from around October 2020 through November 2020. Plaintiff was again hired to work as a sales associate in October 2021 at the Party City store located at 660 Columbus Avenue (Store No. 0741), and worked in that location from on or around October 22, 2021 until on or around November 16, 2021.

29. While working in the Bronx store, Plaintiff was paid an hourly rate of $15.00. While working at the Columbus Avenue store, Plaintiff was paid an hourly rate of $16.00.

30. Throughout the relevant period, Plaintiff's duties as a sales associate included unpacking and sorting newly arrived inventory, reshelving returned items, retrieving items and

products from the cellar and carrying them to the store floor, stocking the store's aisles, janitorial duties, including sweeping and mopping the floor. Plaintiff's duties were exclusively manual and non-clerical.

31. Throughout Plaintiff's employment with Party City, he witnessed that all other sales associates performed similarly manual work.

32. Throughout Plaintiff's employment with Defendants, he was paid on a bi-weekly basis.

33. Based on his observations and conversation with his co-workers, upon information and belief, all Party City employees were paid on a bi-weekly, rather than a weekly basis.

34. Defendants therefore knowingly and willfully operated their business with a policy of failing to pay Plaintiff and similarly situated employees weekly as required by the NYLL.

## **STATEMENT OF CLAIMS**

### **FIRST CAUSE OF ACTION**
### *Late Payment of Wages in Violation of the New York Labor Law*

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

37. Pursuant to the NYLL, § 191(a)(i), and the supporting New York State Department of Labor Regulations, manual workers shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned.

38. Plaintiff and similarly situated employees spent well over 25% of their working time engaged in physical labor, and were at all times "manual workers," as defined by the NYLL.

39. At all relevant Defendants failed to pay Plaintiff and similarly situated employees on a weekly basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class, respectfully requests that this Court grant the following relief:

a. Certification of this case as a class action pursuant to Rule 23;

b. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

c. An award of liquidated damages due under the NYLL for untimely wage payments;

d. Pre-judgment and post-judgment interest;

e. Reasonable attorneys' fees and costs of this action;

f. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

g. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 25, 2022			Respectfully submitted,

							**BROWN, KWON & LAM LLP**

						By:	*/s/ William Brown*

							William Brown, Esq.
							521 Fifth Avenue, 17th Floor
							New York, NY 10175
							Tel.: (718) 971-0326
							Fax: (718) 795-1642
							wbrown@bkllawyers.com
							*Attorneys for Plaintiff and the Class*